ADAM LLOYD v. THE PINE LAKE IRON COMPANY.

*Pleading—Common counts—Contract for sale of wood.*

1. In a suit for the price of 100 cords of wood, which plaintiff had agreed to cut and deliver to the defendant, a recovery cannot be had under the common counts unless plaintiff has either

completed the contract in whole, or in some part which can be separated from the rest, or has delivered wood which defendant has appropriated.

2. Where a plaintiff contracted for the delivery of 100 cords of wood upon the scows of the defendant, at a specified price per cord, and claimed that he was to receive *full* payment when the wood was piled upon the bank, defendant could not be called upon to pay without measurement, and, in case of its refusal to accept or measure the wood, plaintiff's claim would not be for wood sold and delivered, but for defendant's refusal to perform a contract that could not be completely performed by plaintiff without further action after such measurement and payment, and the common counts are not suitable in such a case.

Error to Charlevoix. (Ramsdell, J.) Argued February 1, 1889. Decided February 8, 1889.

*Assumpsit.* ·Defendant brings error. Reversed. The facts are stated in the opinion.

*A. D. Cruickshank,* for appellant.

*Norton & Keat,* for plaintiff.

CAMPBELL, J. Plaintiff sued defendant under the common counts for the price of 100 cords of wood which he had agreed to cut and deliver on Pine lake, and load on the scows of the Pine Lake Iron Company, on cars to be furnished by the company. Plaintiff swore that he was to be paid along in money and goods, and to be paid in full when the wood was on the beach. The wood was to be cut in the lengths and of the size specified. The wood was piled by the beach in a solid body, in 10 or 11 parallel rows. While plaintiff was cutting in the woods, one of defendant's men had seen the work going on, and such as he saw there was said to be good. Upon the testimony there was a conflict on several subjects, and particularly as to where and how the measurements were to be made, and also why the dispute arose

concerning the receipt and acceptance. Plaintiff recovered below the full value of the wood, after deducting payments.

We think the court erred in the instructions given to the jury, and in not ruling that no case was made out under the declaration. The common counts would not be appropriate in such a case unless plaintiff had either completed his contract in whole, or in some part which could be separated from the rest, or had delivered wood which defendant had appropriated. In this case there was no delivery of any wood. If it was true that plaintiff was entitled, as he claimed, to full payment on depositing the wood on the bank, although admitting he was bound to load it, there can be no doubt that on any theory defendant could not be called on to pay without measurement. If refusing to accept or to measure, the claim would not be for wood sold and delivered, but for refusal to perform a contract that could not be completely performed by plaintiff without further action after measurement and payment. The common counts are not suitable in such a case. But, furthermore, it is not shown, and, according to any rule of common sense, could not be shown, that such a compact body of wood could be measured and inspected in such a position, so as to give any assurance of the quality and good piling of the interior rows. If defendant was really in fault for any failure of duty, it should have been properly declared on. But on this record plaintiff could not recover the price of the wood.

Judgment must be reversed, and a new trial ordered.

The other Justices concurred.